# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

NORMA K. LOWE,
    Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
CH-0831-11-0312-I-1

DATE: January 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Margo Charles, Frankfort, Kentucky, for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which remanded the Office of Personnel Management's (OPM) reconsideration decision to that agency.  For the reasons set forth below, the appellant's petition for review

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant filed an appeal challenging OPM's January 5, 2011 reconsideration decision, in which OPM denied the appellant's request for a court-awarded survivor annuity. MSPB Docket No. CH-0831-11-0312-I-1, Initial Appeal File (0312 IAF), Tab 7, Subtab 2. On June 3, 2011, the administrative judge issued an initial decision in which he found that the decree effecting the appellant's divorce from the annuitant, John S. Lowe, did not expressly provide for a survivor annuity and that the qualified domestic relations order (QDRO) purporting to award the appellant a survivor annuity was not effective because it modified the first court order dividing marital property and was executed after Mr. Lowe died. 0312 IAF, Tab 11, Initial Decision (0312 ID) at 7.

¶3        The administrative judge noted, however, that, during proceedings in the appeal, the appellant claimed that Mr. Lowe may not have had full possession of his mental faculties when he elected an unreduced annuity at retirement because he was suffering from a brain tumor at the time. 0312 ID at 8. Accordingly, the administrative judge affirmed the reconsideration decision to the extent that it concluded that the appellant was not entitled to a survivor annuity based on the terms of the divorce decree or QDRO but remanded to OPM for issuance of a supplemental reconsideration decision addressing the merits of the appellant's claim regarding the validity of Mr. Lowe's election of an unreduced annuity. 0312 ID at 8. The administrative judge also notified the appellant that the initial decision would become final on July 8, 2011, unless a petition for review were filed by that date. 0312 ID at 8-9.

¶4        On December 9, 2013, the appellant filed another appeal repeating the allegations in her previous appeal that her divorce decree states that she is entitled to surviving spouse benefits. MSPB Docket No. CH-0831-14-0161-I-1,

Initial Appeal File (0161 IAF), Tab 1. While the appeal was pending, OPM issued a supplemental decision finding that the matter of Mr. Lowe's competency is not relevant to the appellant's situation because the appellant was a former spouse when Mr. Lowe made the election. 0161 IAF, Tab 4 at 4. The appellant then stated that she wanted to withdraw her appeal and pursue a petition for review in the previously-decided appeal, MSPB Docket No. CH-0831-11-0312-I-1, and the administrative judge dismissed the appeal as withdrawn. 0161 IAF, Tabs 7-8.

¶5        On April 28, 2014, the appellant file a petition for review without an identifying docket number with the Regional Office.[2] The Regional Office forwarded the petition to the Clerk of the Board. Petition for Review File (PFR File), Tab 1. By notice dated May 7, 2014, the Clerk acknowledged the appellant's submission as a petition for review of the initial decision in MSPB Docket No. CH-0831-14-0161-I-1. PFR File, Tab 2. Considering the basis for the appellant's withdrawal of her petition for appeal in MSPB Docket No. CH-0831-14-0161-I-1, and the wording of her petition for review, it appeared, however, that the appellant may have intended her April 28, 2014 filing to be a petition for review of MSPB Docket No. CH-0831-11-0312-I-1, instead of a petition for review of MSPB Docket No. CH-0831-14-0161-I-1. The Board issued a show cause order providing the appellant an opportunity to clarify the intent of her April 28, 2014 filing. PFR File, Tab 4. The Board's order provided that, if the appellant failed to timely file a response, it would assume that she intended to contest the June 3, 2011 initial decision and would redocket the petition for review as a petition for review of the initial decision in MSPB Docket No. CH-0831-11-0312-I-1. *Id*.

_____

[2] In the May 7, 2014 letter acknowledging the filing of a petition for review in MSPB Docket No. CH-0831-14-0161-I-1, the Clerk acknowledged the filing date of the petition for review as April 25, 2014; the filing date of the petition for review was actually April 28, 2014. *See* 5 C.F.R. § 1201.4(*l*) (the date of filing by mail is determined by the postmark date).

¶6      The appellant did not respond to the show cause order. The Board redocketed the appeal, and the Clerk of the Board sent the appellant a revised petition for review acknowledgment order that provided her with an opportunity to establish that her petition for review was timely filed or that good cause exists for the delay in filing. PFR File, Tab 5. The revised acknowledgment order noted that the initial decision in the appellant's redocketed case was issued on June 3, 2011, and that her petition for review was untimely because it was not postmarked or received by the Board on or before July 8, 2011, the 35th day following the issuance of the initial decision. *Id*.; 5 U.S.C. § 7701(e)(1)(A); 5 C.F.R. § 1201.114(e). The revised acknowledgment order was accompanied by a "Motion to Accept Filing as Timely or to Waive Time Limit" form, and informed the appellant that her motion and accompanying signed statement must be postmarked or sent by facsimile on or before October 29, 2014. PFR File, Tab 5. The appellant has not responded to the revised acknowledgment order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      To be timely, a petition for review must be filed within 35 days after the administrative judge issued the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date of receipt. *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 U.S.C. § 7701(e)(1)(A); 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing only upon a showing of good cause for the delay. *Rothlisberger v. Department of the Army*, 113 M.S.P.R. 450, ¶ 4 (2010).

¶8      To establish good cause for a delay in filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board considers the length of the delay in every good cause determination. *See Walker v. Department of the Air Force*, 109 M.S.P.R. 261, ¶ 5 (2008). In

addition to the length of the delay, the Board considers the reasonableness of the appellant's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that prevented her from timely filing her petition. *See, e.g.*, *Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x. 950 (Fed. Cir. 2007).

¶9        There is no evidence or argument in the record of this case to justify the appellant's delay of 2 years and 9 months in filing her petition for review. The petition is silent as to a reason for the delay, and the appellant has provided no explanation for the late filing in response to the Clerk's revised acknowledgment order. Therefore, there are no grounds for finding good cause for the filing delay. *See Mendoza v. Office of Personnel Management*, 43 M.S.P.R. 427, 429, *aff'd*, 918 F.2d 187 (Fed. Cir. 1990) (Table). The appellant has failed to show that she exercised the due diligence or ordinary prudence that would justify waiving the deadline for filing a petition for review. As noted, the initial decision informed the appellant that it would become the final decision of the Board in 35 days, i.e., on July 8, 2011, unless a petition for review was filed by that date. 0312 ID at 8-9. The Board has declined to find good cause for an untimely filing where, as here, the initial decision clearly notified the appellant of the time limit within which to file a petition for review, and the appellant failed to do so. *See Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009); *see also Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6, *aff'd*, 301 F. App'x. 982 (Fed. Cir. 2008).

¶10       Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board remanding OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.